MATTHEW J. MATERN (Cal. Bar No. 159798)
  mmatern@maternlawgroup.com
TAGORE O. SUBRAMANIAM (Cal. Bar No. 280126)
  tagore@maternlawgroup.com
SYDNEY A. ADAMS (Cal. Bar No. 319991)
  sadams@maternlawgroup.com
**MATERN LAW GROUP, PC**
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Tel:  (310) 531-1900 / Fax: (310) 531-1901

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VALENZUELA and ERICA CHO, individuals, and on behalf of themselves, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 8:17-cv-01988-JVS-DFM<br><br>Honorable. James V. Selna<br>Magistrate Douglas F. McCormick<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF MATTHEW J. MATERN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>[Filed concurrently with Plaintiff's Motion for Attorneys' Fees and Costs and Class Representative Service Award and Declarations of Kyle Nordrehaug, Jose Valenzuela and Erica Cho] |

# DECLARATION OF MATTHEW J. MATERN

I, MATTHEW J. MATERN, hereby declare as follows:

1. I am an attorney duly licensed to practice law before this Court. I am the Principal of Matern Law Group, PC, co-counsel of record for the joint prosecution on behalf of Plaintiffs Jose Valenzuela and Erica Cho ("Plaintiffs") in the above-entitled action ("Action"). I make this declaration on the basis of personal firsthand knowledge, unless another source of information or belief clearly appears from the context, and as to all such matters I believe them to be true. If called as a witness, I could and would readily and competently testify to all matters stated herein.

2. This declaration is submitted in support of Plaintiff's Motion for Attorneys' Fees.

## Discovery and Investigation

3. Prior to reaching the Settlement, MLG investigated Plaintiffs' claims and performed legal research regarding Defendants' defenses. MLG obtained, reviewed and analyzed Defendants' wage and hour policies and aggrieved employees' time and payroll records and obtained experts to create a damage analysis of the penalties for which Defendants were potentially liable. Based on our investigative work and the formal and informal discovery conducted, MLG was able to evaluate Defendants' potential liability and the potential penalties, and therefore could act intelligently and effectively in negotiating the proposed Settlement.

## Settlement Negotiations

4. On September 13, 2018, the Parties participated in a private mediation session before Louis Marlin. On April 24, 2019, a second mediation was conducted before mediator David Rotman. The mediation included discussion and examination of the Parties' respective positions on the legal and factual issues raised. The Parties ultimately agreed to a mediator's proposal at the conclusion of

the second mediation.

5. Following the mediation, the Parties engaged in continued settlement negotiations to finalize a long form settlement agreement. Ultimately, the Parties executed the Stipulation of Settlement and Release ("Stipulation") on September 25, 2019.

6. At all times, the Parties conducted their settlement negotiations at arm's length and in an adversarial position. Both Parties went into the mediation session willing to explore the potential for a settlement of the dispute, also, prepared to litigate their position through trial and appeal if a settlement had not been reached. The Settlement represents a resolution of disputed claims.

### Adequacy of Representation and Qualifications Of Class Counsel

7. MLG is a twenty-four attorney law firm that is actively and continuously practicing in employment litigation, representing almost exclusively employee-plaintiffs in both individual, representative, class and collective actions in state and federal trial and appellate courts throughout California.

8. Of the twenty-four attorneys at MLG, I am the attorney with the most active trial and pretrial calendar. I have personally tried approximately twenty-five cases, including approximately twenty jury trials.

9. I received a B.A. with honors in 1986 from Tulane University and my J.D. from Southwestern University School of Law in 1991. I became an active member of the State Bar of California in September 1992, and have been an active member in good standing continuously since then. I have been practicing as a litigation attorney in Los Angeles since 1992, and have been concentrating on employment litigation since approximately 1997.

10. In 1992, I founded the general partnership, which is the predecessor of Rastegar & Matern, Attorneys at Law, A Professional Corporation. In 2012, I founded Law Offices of Matthew J. Matern, which changed its name to Matern Law Group in January 2014 and to Matern Law Group, PC in May 2016.

11. Over the course of my career, I have been involved in over 100 class action settlements, with many of them settling in the seven figure range, including settlements in the amount of $26 million (pending court approval), $8.5 million, $7.0 million, $6.0 million, $6.0 million, $5.0 million, $4.5 million, $4.5 million, $4.2 million, $4.2 million, $3.75 million, $3.75 million, $3.6 million, $3.3 million, $3.1 million, and $3.0 million. I have also been appointed class counsel in twenty certified wage and hour class action cases which involved contested certification proceedings. I have been counsel in a number of cases which resulted in published appellate victories including two of the leading "me-too" witness cases in California, Pantoja v. Anton (2011) 198 Cal.App.4th 87 and Meeks v. Autozone, Inc. (2018) 24 Cal.App.5th 855; ABM Industries Overtime Cases (2017) 19 Cal.App.5th 277, as modified (Jan. 10, 2018); Julian v. Glenair (2017) 17 Cal.App.5th 853; Ventura v. ABM Industries, Inc. (2012) 212 Cal.App.4th 258; Franco v. Arakelian Enterprises, Inc. (2012) 211 Cal.App.4th 314; Fuentes v. AutoZone, Inc. (2011) 200 Cal.App.4th 1221; Gutierrez v. California Commerce Club (2010) 187 Cal.App.4th 969; Franco v. Athens Disposal Company, Inc. (2009) 171 Cal.App.4th 1277; and other non-published appellate victories, Christman v. Apple Am. Grp. II, LLC, (Cal. Ct. App. Oct. 4, 2017) No. B271937, 2017 WL 4402124, Pauley v. CF Entm't (9th Cir. Mar. 25, 2016) No. 14-55131, 2016 WL 1169425 (two related appeals), Pauley v. CF Entm't (9th Cir. May 13, 2019) No. 17-56057, 2019 WL 2089930 (three related appeals) and Navarro v. 4 Earth Farms, Inc. No. B284853, (Cal. Ct. App. Feb. 8, 2019) 2019 WL 493781. My work has led me to be recognized as a Southern California Super Lawyer every year since 2009.

12. Highly effective and well-reputed MLG attorneys actively participated in this litigation. Those attorneys include, but are not limited to, Tagore Subramaniam, Daniel Bass, and Sydney A. Adams.

    a. Senior Associate Tagore O. Subramaniam graduated summa

-4-

cum laude from the University of California, Los Angeles, where he was awarded the Regents Scholarship. He received his Juris Doctor in 2010 from Boston University School of Law.  He was admitted to the California State Bar in 2011. Prior to joining MLG, Mr. Subramaniam worked as a judicial extern for the Honorable Sandra S. Ikuta on the Ninth Circuit Court of Appeals.  He has successfully litigated and favorably resolved class actions on behalf of thousands of employees, as well as cases involving harassment, discrimination, retaliation, and wrongful termination.  Mr. Subramaniam has argued before the California Court of Appeals and the Ninth Circuit Court of Appeals on multiple occasions, obtaining favorable published and unpublished decisions on behalf of employees in *Julian v. Glenair*  (2017) 17 Cal.App.5th 853, *Christman v. Apple Am. Grp. II, LLC*, (Cal. Ct. App. Oct. 4, 2017) No. B271937, 2017 WL 4402124, *Pauley v. CF Entm't* (9th Cir. Mar. 25, 2016) No. 14-55131, 2016 WL 1169425 (two related appeals) and most recently, *Pauley v. CF Entm't* (9th Cir. May 13, 2019) No. 17-56057, 2019 WL 2089930 (three related appeals). Mr. Subramaniam has been designated as class counsel in scores of cases in both state and federal courts. Mr. Subramaniam has also presented multiple continuing legal education seminars to attorneys on employment class actions, as well as contributed to trade publications on the subject. In 2017, Mr. Subramaniam was recognized for settling one of the Top 100 settlements in the United States among all practice areas by Topverdict.com. Mr. Subramaniam's work has led him to be recognized as a Super Lawyers Southern California Rising Star every year since 2016. In 2018 and 2019, Mr. Subramaniam was named among Super Lawyers' Top 100 Up-And-Coming Rising Stars in Southern California.

      b.      Daniel Bass is a former Associate attorney at MLG. Mr. Bass graduated from Missouri State University in 2009 and received his J.D. from Washington University in Saint Louis in 2012.  He has been an active member of the California State Bar since December 2012.  Mr. Bass's practice involves

representing employees in all aspects of employment litigation, including single-plaintiff and class action lawsuits in state and federal courts throughout California. He has handled wage and hour class actions involving claims relating to overtime, meal and rest breaks, misclassification, and improper wage statements.

   c. Sydney A. Adams is an Associate at MLG. Ms. Adams received her undergraduate degree from Indiana University-Bloomington in 2012 and received his J.D. from the University of Wisconsin-Madison in 2016. Ms. Adams was admitted to the State Bar of Wisconsin in October 2016 and the State Bar of California in February 2018. Ms. Adams' practice at MLG involves representing employees in all aspects of employment litigation, including single-plaintiff and class action lawsuits.

## Attorney's Fees and Costs

  13. The Settlement provides for attorneys' fees in an amount not to exceed $666,666, which equals one-third (1/3) of the Gross Settlement Amount. Pursuant to the Joint Prosecution Agreement between MLG and Blumenthal, Nordrehaug, Bhowmik, DeBlouw, LLP ("BNBD"), BNBD will receive 75% of the awarded fees with MLG to receive 25%, with each party reimbursed for costs incurred.

  14. MLG's current lodestar is $107,242.50, representing approximately 147.10 attorney hours at their customary hourly rates.

  15. MLG's efforts thus far include, but are not limited to, investigating Plaintiffs' claims, researching Defendants' defenses; obtaining reviewing and analyzing Defendants' wage and hour policies and Plaintiffs' time records and payroll records; preparing the mediation briefs; preparing for and attending two full days of mediation, including one in San Francisco; conferring with Plaintiffs; participating in extensive negotiations, discussions and conferences with Defendants' counsel; attending court hearings; reviewing the Settlement Agreement; reviewing this motion's supporting papers; and communicating with Defendants' counsel regarding the Settlement Agreement and communicating with

the Settlement Administrator regarding the Settlement.

16. MLG took this case on a contingent basis and has put a substantial amount of time and energy into litigating this case, and resources which could have been directed towards other cases, all while receiving no payment. The risk was significant given that, if the case was unsuccessful, MLG would not have received any compensation for the time or costs we spent litigating this case.

17. My firm assumes a great deal of contingent risk in litigating wage and hour actions. For instance, in *Hernandez v. Chipotle Mexican Grill, Inc.* (LASC Case No. BC373759), the Court of Appeal affirmed the trial court's order denying certification in an action alleging that defendant failed to provide its restaurant workers with uninterrupted, 30-minute off-duty meal breaks in a pair of depublished opinions: *Hernandez v. Chipotle Mexican Grill, Inc.* (2012) 208 Cal.App.4th 1487 and *Hernandez v. Chipotle Mexican Grill* (2010) 189 Cal.App.4th 751. Similarly, in *Gonzalez v. Officemax N. Am.* (C.D. Cal. Nov. 5, 2012) No. CV 07-04839 JVS MLGX, 2012 WL 5473764, at *5, the court issued an order denying certification of plaintiffs' meal and rest break claims, finding that the reason any particular employee missed any particular break required individualized fact finding. In each of these cases, Class Counsel incurred over $100,000.00 in costs, and over 5,000 hours in attorney time was expended, only to have class certification denied. Moreover, courts frequently dismiss class and representative allegations and compel arbitration in similar cases, as evidenced in several recent cases litigated by Class Counsel, e.g., *Chico v. Hilton Worldwide, Inc.* (C.D. Cal. Oct. 7, 2014) No. CV 14-5750-JFW SSX, 2014 WL 5088240, at *5, 14 (compelling plaintiff's individual claims to arbitration and dismissing plaintiff's class allegations and representative PAGA claims) and *Tapia v. Macy's, Inc.* (C.D. Cal. CV-14-05163) (same).

18. Because most individuals cannot afford to pay for representation in litigation on an hourly basis, MLG represents virtually all of its employment law

-7-

clients on a contingency fee basis. Pursuant to this arrangement, we are not compensated for our time unless we prevail at trial or successfully settle our clients' cases. Because the firm is taking the risk that we will not be reimbursed for our time unless our client settles or wins his or her case, we cannot afford to represent an individual employee on a contingency basis if, at the end of our representation, all we are to receive is our regular hourly rate for services. It is essential that we recover more than our regular hourly rate when we win if we are to remain in practice so as to be able to continue representing other individuals in civil rights employment disputes.

19. I estimate that Class Counsel will spend at least another 25 hours on this case at an average hourly rate of $600.00, performing tasks such as preparing for and appearing at the Final Fairness Hearing, overseeing the settlement administration process, and responding to inquiries from Class Members.

20. The total hours worked by each attorney/law clerk and their hourly rates are as follows:

| Attorney | Year Admitted | Hourly Rate | Hours Billed | Total Fee |
|---|---|---|---|---|
| Matthew J. Matern | 1992 | $950.00 | 40.00 | $38,000.00 |
| Tagore O. Subramaniam | 2011 | $675.00 | 61.10 | $41,242.50 |
| Daniel Bass | 2012 | $625.00 | 41.00 | $25,625.00 |
| Sydney A. Adams | 2018 | $475.00 | 5.00 | $2,375 |
| | | | | |
| **Total to Date** | | | 147.10 | **$107,242.50** |
| **Anticipated Future Work** | | $600.00 | 25 | **$15,600.00** |
| **Total Expected Fees** | | | **172.10** | **$122,949.50** |

**Class Counsel's Hourly Rates Are Reasonable**

21.     The hourly rates for MLG attorneys are commensurate with MLG's experience in litigating complex class action cases. Indeed, MLG's rates have been approved by various courts in the cases MLG has handled, including the following:

- In *Edwards vs. Chartwell Staffing Agency*, United States District Court Central District of California Case No. 2:16-cv-09187-PSG-KS, the Honorable Philip S. Gutierrez awarded attorneys' fees amounting to 33.33% of the Commons Fund based on Class Counsel's lodestar, with a multiplier of 1.251, based on the following rates: Matthew J. Matern, $850; Tagore Subramaniam, $575; and Daniel Bass, $525.

- In *Vasquez vs. The Veggie Grill, Inc.,* Los Angeles -Superior Court ("LASC") Case No. BC611966, the Honorable Kenneth F. Freeman awarded attorneys' fees amounting to 33.33% of the Common Fund, based on a lodestar cross-check with a 2.74 multiplier, based on the following rates: Matthew J. Matern, $875; Tagore Subramaniam, $575; and Daniel Bass, $475.

- In *Munoz v. Dependable Highway Express, Inc*., Los Angeles Superior Court Case No. BC535931, the Honorable Maren E. Nelson awarded attorneys' fees based on Class Counsel's lodestar, with a multiplier of 1.18, finding that the following rates "are reasonable and consistent with prevailing rates in the community": Matthew J. Matern, $850; Launa Adolph, $700; and Emma Steiner, $450.

- In *Gutierrez v. Google, Inc*., Santa Clara Superior Court Case No. 1-15-CV277104, the Honorable Brian C. Walsh awarded attorneys' fees in the amount of $1,583,333.33 based on Class Counsel's lodestar, with a multiplier of 3.05, based on the following rates: Matthew J. Matern, $850; Launa Adolph, $700; and Deanna Leifer, $575.

- In *Duarte v. Mother's Nutritional Center, Inc.,* LASC Case No. BC492647, the Honorable Maren E. Nelson awarded Class Counsel Attorneys' fees amounting to 35% of the maximum settlement fund, based upon a lodestar cross-check with a multiplier of 1.35 and, in part, the following hourly rates: Matthew J. Matern, $850.

- In *Mejia v. Dispensing Dynamics International*, LASC Case No. BC555868, the Honorable Kenneth R. Freeman awarded attorneys' fees in the amount of $1,333,200.00 based on Class Counsel's lodestar, with a multiplier of 1.985, finding that the following rates for 2016 "appear to be reasonable and in line with prevailing rates in the community": Matthew J. Matern, $ 825; Launa Adolph, $650; and Dalia Khalili (admitted 2007), $575.

- In *Noriega v. Arcadia, Inc*., LASC Case No. BC536424, the Honorable Ann I. Jones awarded attorneys' fees based on Class Counsel's lodestar, with a multiplier of 2.097, based on the following rates: Matthew J. Matern, $825; Launa Adolph, $650; Dalia Khalili, $575; Janette Lee (admitted 2012), $475; and Daniel Bass, $450 (admitted 2012);

- In *Zamora v. Cardenas Markets, Inc*., LASC Case No. BC505451, the Honorable Hon. Ann I. Jones awarded attorneys' fees based on Class Counsel's lodestar, with a multiplier of 1.87, based on the following rates: Matthew J. Matern, $825; Launa Adolph, $650; Aubry Wand, $450; and Daniel Bass, $450;

- In *Campos v. Southern California Edison Company*, LASC Case No. BC499966, the Honorable Ann I. Jones awarded attorneys' fees based on Class Counsel's lodestar, with a 1.99 multiplier, based on the following rates: Matthew J. Matern, $825; Launa Adolph, $650; Dalia Khalili, $575; and Matthew W. Gordon (admitted 2009), $525;

- In *Rust v. Los Angeles Guild,* LLC, LASC Case No. BC548669, the Honorable Ann I. Jones awarded Class Counsel attorneys' fees, finding that the following rates "appear to be reasonable and in line with prevailing rates in the community": Matthew J. Matern, $825; Launa Adolph $650; and Aubry Wand, $450;
- In *Villanueva v. P.L.D. Enterprises*, LASC Case No. BC506331, the Honorable Elihu M. Berle awarded Class Counsel attorneys' fees, finding that "the hourly rates charge[d] appear to be reasonable and in line with the prevailing rates in the community," including the following hourly rates for 2015: Matthew J. Matern, $775; Launa Adolph, $575; Janette Lee, $400; and Daniel Bass, $375.
- In *Alegria v. Student Transportation of America, Inc., et al.*, Riverside Superior Court Case No. RIC1209792, the Honorable Sharon J. Waters approved an attorney's fees award based on Class Counsel's lodestar, with a multiplier of 1.8281, based, in part, upon my 2015 hourly rate of $775; and
- In *Bonilla v. Agri-Empire, et al.*, Riverside Superior Court Case No. RIC1209556, the Honorable Sharon J. Waters awarded attorneys' fees based, in part, on my 2015 billing rate of $775.

22. I am familiar with the hourly rates charged by attorneys who represent plaintiffs in class actions in the Los Angeles area and believe that MLG's hourly rates are also in line with the hourly rates approved in other class actions in the Los Angeles area which range from $285 to $1000 per hour. See Roberti v. OSI Sys., Inc., No. CV1309174MWFMRW, 2015 WL 8329916, at *7 (C.D. Cal. Dec. 8, 2015) (finding rates between $525 to $975 per hour reasonable); Rodriguez v. County of Los Angeles, 96 F.Supp.3d 1012, 1023 (C.D. Cal. 2014) (approving attorney rates in 2014 from $500 per hour for attorney with 6 years of experience to $975 per hour for attorney practicing 45 years); Kearney v. Hyundai Motor Am.,

No. SACV 09-1298-JST, 2013 WL 3287996 (C.D. Cal. June 28, 2013) (approving rates between $100 and $800).

23. Additionally, I have personal knowledge of the hourly rates charged by other attorneys with comparable experience to mine in the Los Angeles area. Based on that information, I believe that MLG's current rates are fully consistent with the market rate for attorneys with comparable expertise, experience, and qualifications.

### MLG's Costs Are Reasonable

24. To date, MLG has incurred actual costs in the amount of $3,599.94. These costs were reasonable and necessary to prosecute this action to a successful conclusion. The following is a breakdown of MLG's costs incurred to date:

- Data Analysis                $2,875.00
- Travel, mileage & Parking    $724.94

**Total: $3,599.94**

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 13, 2020 at Manhattan Beach, California.

*/s/ Matthew J. Matern*
Matthew J. Matern