JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VALENZUELA and ERICA CHO, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC.; and DOES 1 through 50, Inclusive,<br><br>Defendants. | CASE NO. 8:17-cv-01988 JVS<br><br>Assigned to: Hon. James V. Selna<br><br>**ORDER:**<br><br>**(1) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND**<br><br>**(2) ENTERING FINAL JUDGMENT**<br><br>Hearing Date: March 23, 2020<br>Hearing Time: 1:30 p.m.<br><br>Judge: Hon. James V. Selna<br>Dept.: Santa Ana, Courtroom 10C |

On March 23, 2020, a hearing was held on the motion of Plaintiffs Jose Valenzuela and Erica Cho ("Plaintiffs") for final approval of their proposed class action settlement (the "Settlement") and payments to the Plaintiffs, Class Counsel, the Labor and Workforce Development Agency and the Settlement Administrator. Blumenthal Nordrehaug Bhowmik De Blouw LLP appeared for Plaintiffs, and Paul Hastings LLP appeared for Defendant Walt Disney Parks and Resorts U.S., Inc. ("Defendant").

The Parties have submitted their Settlement, which this Court preliminarily approved by its November 4, 2019, Order (Docket No. 66) (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to comment on or object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court before entering the Preliminary Approval Order and at the final approval hearing, the Court hereby grants final approval of the Settlement, enters this Final Approval Order, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Stipulation of Settlement and Release (the "Stipulation of Settlement"). All capitalized terms used in this Order have the same defined meaning as provided in the Stipulation of Settlement, unless otherwise defined in this Order.

2. The Court has jurisdiction over this Action and the Settlement pursuant to 28 U.S.C. sections 1132(a) and 1332(d).

3. By Order dated January 7, 2019 [Doc. No. 48], this Court certified the Overtime Class and the Meal/Rest Premium Class. For settlement purposes, the Court confirms the certification of the Overtime Class and the Meal/Rest Premium Class with an end date of the Class Period of October 15, 2019. The Overtime

- 1 -

Class is defined as all individuals employed by Defendant in California as a non-exempt employee during the Class Period, who in addition to their straight time hourly wage rate received one or more premium payments in a workweek for the performance of additional responsibilities or for working during certain hours of operations ("Premium Payments") and who worked more than 40 hours in that workweek. The Meal/Rest Premium Class is defined as all individuals employed by Defendant in California as a non-exempt employee during the Class Period who received a 1-hour payment from Defendant for a meal or rest period during the same pay period they received one or more Premium Payments. The Class Period is from September 22, 2013 through October 15, 2019.

4. Pursuant to this Preliminary Approval Order, the Notice was sent to each class member by first-class mail. The Notice informed Class Members of the terms of the Settlement, their right to receive an Individual Settlement Payment, their right to comment on or object to the Settlement and/or the attorneys' fees and costs, their right to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.

5. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

6. Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA"), Defendant mailed notice of the proposed settlement to the Attorney General of the United States and the appropriate state official in each state in which a Class Member reportedly resides according to Defendant's records on October 8,

2019. Accordingly, the requirements under CAFA to provide notice to the appropriate federal and state officials have been satisfied. No objection or opposition from government officials was received.

7. No Class Members filed written objections to the proposed settlement as part of this notice process. Forty-four (44) Class Members validly requested exclusion, and they are listed on Exhibit B to the Declaration of Susanna Webb (Settlement Administrator).

8. For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Participating Class Members will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

9. The Court finds and determines that the Total Settlement Amount in the amount of $2,000,000 and the settlement payments to be paid to the Participating Class Members as provided for by the Settlement are fair and reasonable. The Court hereby grants final approval to and orders the payment of those amounts be distributed to the Participating Class Members out of the Net Settlement Proceeds in accordance with the Stipulation of Settlement.

10. The Court finds and determines that the fees and expenses of KCC Class Action Services in administering the settlement, in the amount of $126,000.00, are fair and reasonable. The Court hereby grants final approval to and orders that the payment of that amount be paid out of the Total Settlement Amount in accordance with the Stipulation of Settlement.

11. The Court finds and determines that the request by Plaintiffs and Class Counsel to the enhancement awards and the attorneys' fees and costs pursuant to the Agreement are fair and reasonable. The Court hereby grants final approval to and orders that the payment of the requested service award in the amount of

$7,500.00 each to the Plaintiffs, $600,000 (30% of the Total Settlement Amount) for attorneys' fees to Class Counsel, and $124,781.33 for attorneys' litigation expenses be paid out of the Gross Settlement Fund in accordance with the Settlement.

12. The Labor Workforce Development Agency ("LWDA") was given notice of the Settlement and the motion for final approval by Plaintiffs in the manner required under the California Labor Code Private Attorney General Act ("PAGA"). The LWDA has not objected or indicated any opposition to the Settlement and motion. Accordingly, the Court finds that the required notice of the settlement to the LWDA has been satisfied, and the Court approves the PAGA payment in the amount of $20,000, to be allocated as set forth in the Stipulation of Settlement.

13. Upon entry of this Order, the Participating Class Members will release and discharge Defendant, and all of Defendant's current and former parents, subsidiaries, and affiliates, and its current and former officers, directors, employees, partners, shareholders and agents, and the predecessors and successors, assigns, and legal representatives of all such entities and individuals ("Class Members' Released Parties"), from any and all wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, including, but not limited to, statutory, constitutional, contractual or common law claims for unpaid wages, damages, unreimbursed business expenses, civil and statutory penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief within the following categories of allegations in the Lawsuit and/or arising from those allegations related to the Overtime Class claims and the Meal/Rest Period Class claims: (a) all claims for unpaid overtime wages only as a result of improperly determining or calculating and/or miscalculating the regular rate of pay; (b) all claims for the failure to provide meal and/or rest periods in accordance with applicable law, including for non-

payment of California Labor Code section 226.7 payments as a result of improperly determining or calculating and/or miscalculating the regular rate of pay or otherwise, and alleged non-payment of wages for meal periods worked and not taken; (c) failure to timely pay wages, both during employment and upon termination and/or resignation of employment; (d) failure to provide accurate itemized wage statements; and (e) civil and statutory penalties, including those recoverable under the PAGA, for any such claims, which arose during the Class Period, as defined in Section A, above ("Class Members' Released Claims"). The Class Members' Released Claims include claims meeting the above definition under any and all applicable statutes, including without limitation the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.;* California Labor Code §§ 96 through 98.2, *et seq.*; the California Payment of Wages Law, California Labor Code §§ 200, *et seq.*, including California Labor Code §§ 203, 218, 218.5, 226(a), and 226.7 in particular; California Labor Code §§ 300, *et seq.*; California Labor Code §§ 400, *et seq.*; California Working Hours Law, California Labor Code §§ 500, *et seq.,* and §§ 550-554 in particular; California Labor Code § 1194; the California Unfair Competition Act, and in particular, California Bus. & Prof. Code §§ 17200, *et seq.*; PAGA; California Civil Procedure Code § 1021.5; and any other provision of the California Labor Code or any applicable California Industrial Welfare Commission Wage Orders, in all of their iterations.

14. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this Order, including the requirement that Defendant make payment in accordance with the Stipulation of Settlement.

15. If, for any reason, the Settlement ultimately does not become final and effective, this Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Agreement; and nothing stated in the Agreement or any other papers filed with this Court in connection with the Settlement will be deemed an admission

of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

16. The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to Plaintiff and the Class, individually or collectively, all such liability being expressly denied by Defendant. Defendant and the other Class Members' Released Parties shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided in the Stipulation of Settlement.

17. The Court further orders, adjudges and decrees that, in consideration of their awarded attorneys' fees and expenses, Class Counsel waive any and all claims to any further attorneys' fees and expenses in connection with the Settlement.

18. By means of this Order, this Court hereby enters final judgment in this action, as defined in Rule 58(a)(1), Federal Rules of Civil Procedure.

19. Without affecting the finality of this Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

20. The Parties are hereby ordered to comply with the terms of the Stipulation of Settlement.

21. This action is dismissed with prejudice as to the claims released by the settlement.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

DATED: April 01, 2020_____

_____
HON. JAMES V. SELNA
U.S. DISTRICT COURT JUDGE